O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD REINSDORF, an individual, | Case No. CV 10-07181 DDP (SSx) |
| Plaintiff, | **ORDER DENYING DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| SKECHERS U.S.A, a Delaware corporation; SKECHERS U.S.A.., INC., II, a Delaware corporation, | [Motion filed on 11/8/2010] |
| Defendants. | |

Presently before the court is Defendants Skechers U.S.A., Inc. and Skechers U.S.A., Inc. II (collectively, "Skechers")'s Motion to Dismiss. After reviewing the parties' moving papers and hearing oral argument, the court denies the motion and adopts the following order.

**I. Background**

Skechers is a shoe company. (Declaration of Fred Machuca in support of Motion to Dismiss ("Machuca Dec.") ¶ 5. In 2006, Skechers engaged Plaintiff Richard Reinsdorf ("Reinsdorf"), a photographer, to conduct a photo shoot in connection with

Skechers's marketing efforts. (Complaint ¶ 4.) Skechers engaged Reinsdorf for four additional photo shoots between 2007 and 2009. (Compl. ¶¶ 19, 23, 26, 30.)

Prior to each photo shoot, Skechers explained to Reinsdorf the type of images Skechers hoped to capture. (Machuca Dec. ¶ 12.) These explanations included storyboards and photographic examples, as well as drawings depicting particular poses for Skechers' selected models. (Id. ¶¶ 12, 14.) During the shoots, Reinsdorf posed models, arranged lighting and props, and otherwise directed the photography sessions. (Compl. ¶ 23.)

Skechers did not obtain Reinsdorf's services as "work for hire." (Compl. ¶¶ 5, 18.) Instead, Skechers obtained limited licenses to use Reinsdorf's work within North America for a six month period. (Id.) Reinsdorf delivered raw photographs ("the photographs") to Skechers at the conclusion of each photo shoot. (Machuca Dec. ¶ 15.)

Upon receiving the photographs from Reinsdorf, Skechers proceeded to modify the images for use in Skechers advertisements. (Id. ¶¶ 16, 17.) The alterations varied with each image, and ranged from slight modifications in models' skin tone to the substitution of models' body parts and the addition of substantial graphic effects. (Id. ¶¶ 17, 21.) These enhanced images were then used in Skechers advertisements (the advertisements). (Id. ¶ 16.) No raw, unaltered photograph was ever incorporated into a finished advertisement. (Id.)

Reinsdorf brought suit in this court alleging copyright infringement, as well as state law causes of action for breach of contract and unfair competition. Reinsdorf alleges that Skechers

utilized Reinsdorf's copyrighted images as part of Skechers's marketing efforts in violation of the temporal and geographic limits of the use licenses. (Compl. ¶ 6.)  Skechers now moves to dismiss for lack of jurisdiction on the ground that the advertisements are joint works, and, therefore, that Skechers cannot have infringed its own copyright.

**II. Legal Standard**

Skechers asks this court to dismiss Reinsdorf's complaint for lack of jurisdiction under Federal Rule of Procedure 12(b)(1). Skechers is correct that this court may look to extrinsic, disputed facts when conducting a jurisdictional analysis. Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987). The 12(b)(1) standard is not appropriate, however, where issues of jurisdiction and substance are intertwined. Id.  "In ruling on a jurisdictional motion involving factual issues which also go to the merits, the trial court should employ the standard applicable to a motion for summary judgment, as a resolution of the jurisdictional facts is akin to a decision on the merits." Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983).  As discussed further below, the intent of the parties with respect to the photographs is essential to a determination whether the advertisements are joint works. Because this disputed issue goes both to jurisdiction and the merits of Reinsdorf's claim, the court treats Skechers motion as a Rule 56 motion for summary judgment.[1]

---

[1] The court notes that if Reinsdorf did intend to contribute to a joint work, and thus the advertisements did constitute joint works, this court would lack jurisdiction over Reinsdorf's claim. "[A] suit to bring the co-owner of a copyright to account [for any profits earned from the copyright] does not fall within the
(continued...)

3

1    A motion for summary judgment must be granted when "the
2 pleadings, depositions, answers to interrogatories, and admissions
3 on file, together with the affidavits, if any, show that there is
4 no genuine issue as to any material fact and that the moving party
5 is entitled to a judgment as a matter of law." Fed. R. Civ. P.
6 56(c).  A party seeking summary judgment bears the initial burden
7 of informing the court of the basis for its motion and of
8 identifying those portions of the pleadings and discovery responses
9 that demonstrate the absence of a genuine issue of material fact.
10 See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

11    Where the moving party will have the burden of proof on an
12 issue at trial, the movant must affirmatively demonstrate that no
13 reasonable trier of fact could find other than for the moving
14 party.  On an issue as to which the nonmoving party will have the
15 burden of proof, however, the movant can prevail merely by pointing
16 out that there is an absence of evidence to support the nonmoving
17 party's case.  See id.  If the moving party meets its initial
18 burden, the non-moving party must set forth, by affidavit or as
19 otherwise provided in Rule 56, "specific facts showing that
20 there is a genuine issue for trial." Anderson v. Liberty Lobby,
21 Inc., 477 U.S. 242, 250 (1986).

22    It is not the Court's task "to scour the record in search of a
23 genuine issue of triable fact." Keenan v. Allan, 91 F.3d 1275,
24 1278 (9th Cir. 1996). Counsel have an obligation to lay out their
25 support clearly. Carmen v. San Francisco Sch. Dist., 237 F.3d 1026,

---

[1](...continued)
district court's jurisdiction over actions arising under copyright
law." Oddo v. Ries, 743 F.2d 630, 633 n.2 (9th Cir. 1984).

4

1031 (9th Cir. 2001). The Court "need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposition papers with adequate references so that it could conveniently be found."  Id.

**III. Discussion**

Skechers argues that it cannot be held liable for infringement because the Reinsdorf's raw photographs were merely  contributions to a joint work: the finished advertisements.  (Motion at 2.) Skechers argues that, because it is a co-author of those joint works, it cannot have infringed upon its own work.  (Id.)

Skechers is correct that a co-author in a joint work cannot be liable to another co-owner for infringement of the copyright.  Oddo v. Ries, 743 F.2d 630, 632-33 (9th Cir. 1984); Thomson v. Larson, 147 F.3d 195, 199 (2d Cir. 1998).[2]  A joint work is a copyrightable work prepared by (1) two or more authors who (2) make independently copyrightable contributions and (3) intend that those contributions be "merged into inseparable or interdependent parts of a unitary whole."  Richlin v. Metro-Goldwyn-Mayer Pictures, Inc., 531 F.3d 962, 969 (9th Cir. 2008).  The first two factors are not at issue here.  Skechers acknowledges that Reinsdorf is at least a co-author of the raw photographs, while Reinsdorf acknowledges that he played no role in the subsequent modifications to the raw photographs.[3]

---

[2] Though a joint author may use a work in any way he sees fit, he must nevertheless "account to other co-owners for any profits he earns from licensing or use of the copyright."  Oddo v. Ries, 743 F.2d 630, 632-33 (9th Cir. 1984); Thomson v. Larson, 147 F.3d 195, 199 (2d Cir. 1998).

[3] Though Reinsdorf contends that he is sole author of the photographs, the court need not resolve that authorship issue. Regardless whether Reinsdorf is sole or joint author of the
(continued...)

5

Skechers does not dispute that the photographs are copyrightable, nor can Reinsdorf seriously contend that Skechers' elaborate graphic designs and modifications possess the minimal degree of creativity necessary to constitute copyrightable work.

Thus, the only factor in dispute is the intent of the parties to merge their contributions into an inseparable whole. Contrary to Skechers' assertions, the evidence in the record does not indisputably establish that Reinsdorf intended that his photographs be incorporated into a joint work. Such intent is not evident from the face of Reinsdorf's complaint. The complaint alleges that Reinsdorf "entered into a series of written license agreements with Skechers for its exclusive use of his photos and images . . . ." (Compl. ¶ 55.) Though the complaint suggests that Reinsdorf intended that Skechers use his photographs, it does not establish <u>how</u> Reinsdorf intended Skechers to use his photos, let alone demonstrate intent to produce a joint work.

Reinsdorf also stated that Skechers could not have provided artistic direction for the photographs because Skechers did not know how the photographs would be "laid out until [Skechers] got [Reinsdorf's] final images and started building their advertisements around [the] photographs." (Declaration of Richard Reinsdorf in Opposition to Motion ¶ 40.) Reinsdorf's statement indicates that Skechers incorporated the photographs into the advertisements, but does not establish that, prior to seeing the

---

[3](...continued)
photographs, the finished advertisements were the product of contributions from two authors (Reinsdorf/Skechers (photographs) and Skechers (modifications), or Reinsdorf (photographs) and Skechers (modifications)).

finished advertisements, Reinsdorf knew or intended that Skechers would incorporate the photographs into some other work.

Lastly, the alleged limited use licensing agreement between Skechers and Reinsdorf could indicate a lack of intent to form a joint work. Reinsdorf's agent, Robert Heller, believed that Skechers's use of the photographs was limited to the terms of that license, and was not the type of "buy out" agreement that would entitle Skechers to use Reinsdorf's photographs as Skechers saw fit. (Declaration of Robert Heller in Opposition to Motion at 6.) Considering the evidence in the light most favorable to Reinsdorf, the court cannot conclude that he intended his photographs to constitute part of a joint work.[4]

## IV. Conclusion

There is a triable issue of fact as to Reinsdorf's intent and the existence of a joint work. Accordingly, the Motion to Dismiss, which the court treats as a motion for summary judgment, is DENIED.

IT IS SO ORDERED.

Dated: March 9, 2011

DEAN D. PREGERSON
United States District Judge

---

[4] The court notes that the record at this stage is largely undeveloped, perhaps because Skechers brought this motion under Rule 12(b)(1). The actual limited license agreement, for example, is not part of the current record. Further discovery will likely yield further pertinent information.

7