

# O'MELVENY & MYERS LLP

| | | |
|---|---|---|
| BEIJING | 1999 Avenue of the Stars, 7th Floor | SAN FRANCISCO |
| BRUSSELS | Los Angeles, California 90067-6035 | SHANGHAI |
| HONG KONG | | SILICON VALLEY |
| LONDON | TELEPHONE (310) 553-6700 | SINGAPORE |
| LOS ANGELES | FACSIMILE (310) 246-6779 | TOKYO |
| NEWPORT BEACH | www.omm.com | WASHINGTON, D.C. |
| NEW YORK | | |

January 4, 2012

OUR FILE NUMBER
0798,320-43

**VIA E-MAIL AND U.S. MAIL**

WRITER'S DIRECT DIAL
(310) 246-6712

Henry L. Self
Lavely & Singer
2049 Century Park East, Suite 2400
Los Angeles, CA  90067

WRITER'S E-MAIL ADDRESS
rwelsh@omm.com

　　　　　Re:    *Reinsdorf v. Skechers USA, Inc., et al*.

Dear Henry:

　　　　We write in response to your letter received on December 21, 2011 (but mis-dated December 15), in which your client has refused to stipulate to permitting Skechers to amend its answer to assert an affirmative defense based on the first sale doctrine.  Your reason for declining our request is "interesting" to say the least.

　　　　You cite to *U.S. v. Moore*, 604 F.2d 1228 (9th Cir. 1979), for the proposition that "the first sale doctrine does not even procedurally operate as an affirmative defense."  One looks in vain to find such language in the opinion.  Instead, the Court stated that "one of the elements that the Government must prove in a criminal prosecution under Section 104 is the absence of a first sale as to those copyrighted articles that the defendant is charged with infringing."  *Id*. at 1232.  We assume that your reliance on *Moore* is meant to indicate that, like the Government in that case, Mr. Reinsdorf  bears the burden of proving "the absence of a first sale" regarding the graphic materials at issue in this case.   If that is your position, please so indicate clearly and unequivocally.

　　　　In any event, we feel confident that the Court will follow the more recent decision in *Vernor v. Autodesk, Inc*., 621 F.3d 1102, 1107 (9th Cir. 2010), which described the first sale doctrine as "an affirmative defense to copyright infringement."  As we believe the first sale doctrine bars some or all of plaintiff's claims here, we will proceed to file a motion seeking leave to amend Skechers' answer.

O'MELVENY & MYERS LLP

Henry L. Self, Esq., January 4, 2012 - Page 2

      Of course, please give me a call if you wish to discuss further.

                                      Very truly yours,

                                      /s/

                                      Robert C. Welsh