1  DANIEL M. PETROCELLI (S.B. #97802)
   dpetrocelli@omm.com
2  ROBERT C. WELSH (S.B. #130782)
   rwelsh@omm.com
3  DREW E. BREUDER (S.B. #198466)
   dbreuder@omm.com
4  O'MELVENY & MYERS LLP
   1999 Avenue of the Stars, 7th Floor
5  Los Angeles, CA 90067-6035
   Telephone:  (310) 553-6700
6  Facsimile:   (310) 246-6779

7  Attorneys for Defendants
   Skechers U.S.A., Inc. and Skechers U.S.A.,
8  Inc. II

9             UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

12  RICHARD REINSDORF,                  Case No. CV10-7181-DDP (SSx)

13            Plaintiff,                Hon. Dean D. Pregerson

14       v.                            **SECOND AMENDED ANSWER
                                        AND AFFIRMATIVE DEFENSES
15  SKECHERS U.S.A., INC.; SKECHERS     OF DEFENDANTS SKECHERS
    U.S.A., INC. II; and DOES 1-10,     U.S.A., INC. AND SKECHERS
16                                      U.S.A., INC. II**

17            Defendants.               Discovery Cutoff: April 2, 2012
                                        Pretrial Conference:     July 2, 2012
18                                      Trial Date:  July 10, 2012

19                          <u>ANSWER</u>

20       Defendants Skechers U.S.A., Inc. and Skechers U.S.A., Inc. II ("Skechers")

21  hereby answer the complaint in this action as follows:

22                   <u>JURISDICTION AND VENUE</u>

23       1.   The allegations in Paragraph 1 state a legal conclusion to which no

24  answer is required; if such an answer is required, Skechers denies the allegations.

25       2.   The allegations in Paragraph 2 state a legal conclusion to which no

26  answer is required; if such an answer is required, Skechers denies the allegations.

27                        <u>INTRODUCTION</u>

28       3.   Skechers denies the allegations of Paragraph 3.

SKECHERS' SECOND AMENDED
ANSWER AND AFFIRMATIVE DEFENSES
CV10-7181-DDP (SSX)

4.   Skechers admits that plaintiff Richard Reinsdorf ("Reinsdorf" or "plaintiff") participated in a photo shoot for Skechers in 2006.  Skechers denies the remaining allegations of Paragraph 4.

5.   Skechers admits it entered into a series of written license agreements with Reinsdorf for Skechers' exclusive use of the "raw" and "unedited" photographs that were taken by Reinsdorf at photo shoots for Skechers in 2006, 2007, 2008, and 2009.  The remaining allegations in Paragraph 5 state a legal conclusion to which no answer is required; if such an answer is required, Skechers denies the allegations.

6.   The allegations in Paragraph 6 state a legal conclusion to which no answer is required; if such an answer is required, Skechers denies the allegations.

7.   Skechers lacks sufficient information to support a belief as to the actual truth of the allegations of Paragraph 7 and therefore denies these allegations.

8.   The allegations in Paragraph 8 state a legal conclusion to which no answer is required; if such an answer is required, Skechers denies the allegations.

THE PARTIES

9.   Skechers lacks sufficient information to support a belief as to the actual truth of the allegations of Paragraph 9 and therefore denies these allegations.

10. Skechers admits that Skechers U.S.A., Inc. is a Delaware corporation. The remaining allegations in Paragraph 10 state a legal conclusion to which no answer is required; if such answer is required, Skechers denies the remaining allegations of Paragraph 10.

11. Skechers admits that Skechers U.S.A., Inc. II is a Delaware corporation. The remaining allegations in Paragraph 11 state a legal conclusion to which no answer is required; if such answer is required, Skechers denies the remaining allegations of Paragraph 11.

12. Skechers denies the allegations as to Skechers U.S.A., Inc. and Skechers U.S.A., Inc. II.  Skechers lacks sufficient information to support a belief as to the

SKECHERS' SECOND AMENDED
ANSWER AND AFFIRMATIVE DEFENSES
CV10-7181-DDP (SSX)

actual truth of the allegations of Paragraph 12 with regard to any other defendants and therefore denies the allegations.

13. Skechers denies the allegations as to Skechers U.S.A., Inc. and Skechers U.S.A., Inc. II.  Skechers lacks sufficient information to support a belief as to the actual truth of the allegations of Paragraph 13 with regard to any other defendants and therefore denies the allegations.

FACTS COMMON TO ALL CLAIMS

14. Skechers admits that in 2006 it made inquiries about Reinsdorf's participation in a photo shoot for Skechers.  Skechers lacks sufficient information to support a belief as to the actual truth of the remaining allegations of Paragraph 14 and therefore denies these allegations.

15. Skechers admits that Reinsdorf participated in a photo shoot for Skechers on or around November 2006.  Skechers lacks sufficient information to support a belief as to the actual truth of the remaining allegations of Paragraph 15 and therefore denies these allegations.

16. Skechers admits that it created materially enhanced and modified versions of various "raw" or "unedited" photographs that were taken by Reinsdorf at photo shoots for Skechers, and that such materially enhanced and modified versions of the photographs, along with original material created by Skechers, was used in graphic advertising, marketing and promotional materials featuring Skechers footwear (the "Skechers Advertisements").  Skechers lacks sufficient information to support a belief as to the actual truth of the remaining allegations of Paragraph 16 and therefore denies these allegations.

17. Skechers admits that it created materially enhanced and modified versions of various "raw" or "unedited" photographs that were taken by Reinsdorf at photo shoots for Skechers, and that such materially enhanced and modified versions of the photographs, along with original material created by Skechers, was used in Skechers Advertisements.  Skechers lacks sufficient information to support

SKECHERS' SECOND AMENDED
ANSWER AND AFFIRMATIVE DEFENSES
CV10-7181-DDP (SSX)

a belief as to the actual truth of the remaining allegations of Paragraph 17 and therefore denies these allegations.

18. Skechers admits that in 2007 it made inquiries about Reinsdorf's participation in a photo shoot for Skechers. Skechers lacks sufficient information to support a belief as to the actual truth of the remaining allegations of Paragraph 18 and therefore denies these allegations.

19. Skechers admits that Reinsdorf participated in a photo shoot for Skechers on or around September 2007. Skechers lacks sufficient information to support a belief as to the actual truth of the remaining allegations of Paragraph 19 and therefore denies these allegations.

20. Skechers admits that it created materially enhanced and modified versions of various "raw" or "unedited" photographs that were taken by Reinsdorf at photo shoots for Skechers, and that such materially enhanced and modified versions of the photographs, along with original material created by Skechers, was used in Skechers Advertisements. Skechers lacks sufficient information to support a belief as to the actual truth of the remaining allegations of Paragraph 20 and therefore denies these allegations.

21. Skechers denies the allegations of Paragraph 21.

22. Skechers admits that in 2008 it made inquiries about Reinsdorf's participation in a photo shoot for Skechers. Skechers lacks sufficient information to support a belief as to the actual truth of the remaining allegations of Paragraph 22 and therefore denies these allegations.

23. Skechers admits Reinsdorf participated in a photo shoot for Skechers on or around April 2008. Skechers lacks sufficient information to support a belief as to the actual truth of the remaining allegations of Paragraph 23 and therefore denies these allegations.

24. Skechers admits that it created materially enhanced and modified versions of various "raw" or "unedited" photographs that were taken by Reinsdorf

SKECHERS' SECOND AMENDED
ANSWER AND AFFIRMATIVE DEFENSES
CV10-7181-DDP (SSX)

at photo shoots for Skechers, and that such materially enhanced and modified versions of the photographs, along with original material created by Skechers, was used in Skechers Advertisements.  Skechers lacks sufficient information to support a belief as to the actual truth of the remaining allegations of Paragraph 24 and therefore denies these allegations.

25. Skechers admits that in 2008 it made inquiries about Reinsdorf's participation in a photo shoot for Skechers.  Skechers lacks sufficient information to support a belief as to the actual truth of the remaining allegations of Paragraph 25 and therefore denies these allegations.

26. Skechers admits that Reinsdorf participated in a photo shoot for Skechers on or around October 2008.  Skechers lacks sufficient information to support a belief as to the actual truth of the remaining allegations of Paragraph 26 and therefore denies these allegations.

27. Skechers admits that it created materially enhanced and modified versions of various "raw" or "unedited" photographs that were taken by Reinsdorf at photo shoots for Skechers, and that such materially enhanced and modified versions of the photographs, along with original material created by Skechers, was used in Skechers Advertisements.  Skechers lacks sufficient information to support a belief as to the actual truth of the remaining allegations of Paragraph 27 and therefore denies these allegations.

28. Skechers admits that it created materially enhanced and modified versions of various "raw" or "unedited" photographs that were taken by Reinsdorf at photo shoots for Skechers, and that such materially enhanced and modified versions of the photographs, along with original material created by Skechers, was used in Skechers Advertisements.  Skechers lacks sufficient information to support a belief as to the actual truth of the remaining allegations of Paragraph 28 and therefore denies these allegations.

29. Skechers admits that in 2009 it made inquiries about Reinsdorf's participation in a photo shoot for Skechers.  Skechers lacks sufficient information to support a belief as to the actual truth of the remaining allegations of Paragraph 29 and therefore denies these allegations.

30. Skechers admits that Reinsdorf participated in a photo shoot for Skechers on or around May 2009.  Skechers lacks sufficient information to support a belief as to the actual truth of the remaining allegations of Paragraph 30 and therefore denies these allegations.

31. Skechers admits that it created materially enhanced and modified versions of various "raw" or "unedited" photographs that were taken by Reinsdorf at photo shoots for Skechers, and that such materially enhanced and modified versions of the photographs, along with original material created by Skechers, was used in Skechers Advertisements.  Skechers lacks sufficient information to support a belief as to the actual truth of the remaining allegations of Paragraph 31 and therefore denies these allegations.

32. Skechers admits that Skechers U.S.A., Inc.'s 2008 Annual Report discusses the effects of the 2008 "Global Economic Slowdown" on its business and states, among other things, that "Our Business And The Success Of Our Products Could Be Harmed If We Are Unable To Maintain Our Brand Image."  Skechers further admits that Skechers U.S.A., Inc. was named "Company of the Year" by *Footwear Plus* in 2008, and that the editor of *Footwear Plus* made the statements quoted in Paragraph 32.  Skechers lacks sufficient information to support a belief as to the actual truth of the remaining allegations of Paragraph 32 and therefore denies these allegations.

33. Skechers lacks sufficient information to support a belief as to the actual truth of the allegations of Paragraph 33 and therefore denies these allegations.

34. Skechers admits that the statements quoted in Paragraph 34 appear in Skechers U.S.A., Inc.'s 2008 Annual Report.

SKECHERS' SECOND AMENDED
ANSWER AND AFFIRMATIVE DEFENSES
CV10-7181-DDP (SSX)

35. Skechers admits that Skechers U.S.A., Inc.'s 2008 Annual Report discusses "Product Distribution Channels," including "Domestic Wholesale," "International Wholesale," "Retail Stores," and "Electronic Commerce." Skechers further admits that Skechers U.S.A., Inc.'s 2008 Annual Report states that "Our visual merchandise coordinators work with our wholesale customers to ensure that our merchandise and point-of-purchase marketing materials are properly presented."

36. Skechers admits that Skechers U.S.A., Inc.'s 2008 Annual Report states, "Our products are sold in more than 100 countries and territories throughout the world. We generate revenues from outside the United States from three principal sources: (i) direct sales to department stores and specialty retail stores through our subsidiaries in Canada, France, Germany, Spain, Portugal, Italy, Switzerland, Austria, Malaysia, Thailand, the Benelux Region, the United Kingdom and Brazil; (ii) sales to foreign distributors who distribute our footwear to department stores and specialty retail stores in countries and territories across Eastern Europe, Asia, Latin America, South America, Africa, the Middle East and Australia, among other regions; and (iii) to a lesser extent, royalties from licensees who manufacture and distribute our non-footwear products outside the United States. We believe that international distribution of our products represents a significant opportunity to increase sales and profits. We intend to further increase our share of the international footwear market by heightening our marketing in those countries in which we currently have a presence through our international advertising campaigns, which are designed to establish Skechers as a global brand synonymous with trend-right casual shoes." Skechers further admits that David Weinberg made the statements quoted in Paragraph 36 during Skechers U.S.A., Inc.'s Fourth Quarter 2009 Earnings Call. In addition, Skechers admits that, during Skechers U.S.A., Inc.'s Fourth Quarter 2009 Earnings Call, David Weinberg made the following statements:

SKECHERS' SECOND AMENDED
ANSWER AND AFFIRMATIVE DEFENSES
CV10-7181-DDP (SSX)

- "We supported our womens and mens lines with print, outdoor, and television campaigns along with grass roots marketing, creating a buzz across America and inspiring considerable press coverage.  With the support of numerous TV spots featuring our cast of characters, our boys and girls lines saw double digit improvement."

- "With 10 Skechers stores and a growing account base, we also see Chile as a great opportunity to grow our business in South America.  2010 will be its first full year as a subsidiary and we look forward to building our business in the region.  Our international subsidiaries utilize the proven marketing campaigns we have created domestically, often modifying them with certain key styles, particularly suited, and popular in their markets."

- "Later this quarter, the fifth store will open in Singapore and the second in Thailand.  In China, we are focusing on increasing our points of sale which are now at approximately 100.  Unique marketing with local celebrities is utilized in China, Hong Kong, and other Asian countries where we have established joint ventures.  The marketing image reflects the Skechers identity while also embracing the culture in these regions."

- "The majority of our distributors use the marketing campaigns we create in house to support our brands in their regions, while certain others create ads that reflect the local flavor.  Currently, Taiwan, Japan, South Africa, and the Republic of Korea are using the power of local celebrities."

Skechers lacks sufficient information to support a belief as to the actual truth of the remaining allegations of Paragraph 36 and therefore denies these allegations.

SKECHERS' SECOND AMENDED
ANSWER AND AFFIRMATIVE DEFENSES
CV10-7181-DDP (SSX)

37. Skechers admits that David Weinberg made the statements quoted in Paragraph 37 during Skechers U.S.A., Inc.'s Fourth Quarter 2009 Earnings Call.

38. Skechers admits that, during Skechers U.S.A., Inc.'s Fourth Quarter 2009 Earnings Call, David Weinberg stated, "Our focus in 2010 is on delivering strong product and marketing, coupled with inventory and expense management, and growth in our domestic, international, retail, and e-commerce distribution channels. We are continuing to develop exciting new product, much of which will be launching in spring and fall of this year and believe that consumers will embrace these new styles."

39. Skechers admits that Reinsdorf included with the complaint what purport to be registrations with the United States Copyright Office for various of the "raw" or "unedited" photographs that were taken by Reinsdorf at photo shoots for Skechers.  The remaining allegations of Paragraph 39 state a legal conclusion to which no answer is required; if such an answer is required, Skechers lacks sufficient information to support a belief as to the actual truth of those allegations and therefore denies them.

40. Skechers admits that Reinsdorf included with the complaint what purport to be registrations with the United States Copyright Office for various of the "raw" or "unedited" photographs that were taken by Reinsdorf at photo shoots for Skechers.

41. Skechers admits it entered into a series of written license agreements with Reinsdorf for Skechers' exclusive use of the "raw" and "unedited" photographs that were taken by Reinsdorf at photo shoots for Skechers in 2006, 2007, 2008, and 2009.  Skechers lacks sufficient information to support a belief as to the actual truth of the remaining allegations of Paragraph 41 and therefore denies these allegations.

42. Skechers lacks sufficient information to support a belief as to the actual truth of the allegations of Paragraph 42 and therefore denies these allegations.

SKECHERS' SECOND AMENDED
ANSWER AND AFFIRMATIVE DEFENSES
CV10-7181-DDP (SSX)

43. Skechers denies the allegations of Paragraph 43.

## FIRST CLAIM

(By Plaintiff For Copyright Infringement Against All Defendants)

44. Skechers incorporates by reference its answers to Paragraphs 1 through 43, inclusive, of the complaint.

45. Skechers admits that Reinsdorf participated in photo shoots for Skechers on or around November 2006, September 2007, April 2008, October 2008, and May 2009.  The remaining allegations of Paragraph 45 state a legal conclusion to which no answer is required; if such an answer is required, Skechers denies the remaining allegations of Paragraph 45.

46. Skechers admits that Reinsdorf included with the complaint what purport to be registrations with the United States Copyright Office for various of the "raw" or "unedited" photographs that were taken by Reinsdorf at photo shoots for Skechers.

47. The allegations of Paragraph 47 state a legal conclusion to which no answer is required; if such an answer is required, Skechers denies the allegations of Paragraph 47.

48. The allegations of Paragraph 48 state a legal conclusion to which no answer is required; if such an answer is required, Skechers denies the allegations of Paragraph 48.

49. The allegations of Paragraph 49 state a legal conclusion to which no answer is required; if such an answer is required, Skechers denies the allegations of Paragraph 49.

50. The allegations of Paragraph 50 state a legal conclusion to which no answer is required; if such an answer is required, Skechers denies the allegations of Paragraph 50.

SKECHERS' SECOND AMENDED
ANSWER AND AFFIRMATIVE DEFENSES
CV10-7181-DDP (SSX)

51. The allegations of Paragraph 51 state a legal conclusion to which no answer is required; if such an answer is required, Skechers denies the allegations of Paragraph 51.

52. The allegations of Paragraph 52 state a legal conclusion to which no answer is required; if such an answer is required, Skechers denies the allegations of Paragraph 52.

53. The allegations of Paragraph 53 state a legal conclusion to which no answer is required; if such an answer is required, Skechers denies the allegations of Paragraph 53.

SECOND CLAIM

(By Plaintiff For Breach of Contract Against All Defendants)

54. Skechers incorporates by reference its answers to Paragraphs 1 through 53, inclusive, of the complaint.

55. Skechers admits it entered into a series of written license agreements with Reinsdorf for Skechers' exclusive use of the "raw" and "unedited" photographs that were taken by Reinsdorf at photo shoots for Skechers in 2006, 2007, 2008, and 2009.

56. The allegations of Paragraph 56 state a legal conclusion to which no answer is required; if such an answer is required, Skechers denies the allegations of Paragraph 56.

57. The allegations of Paragraph 57 state a legal conclusion to which no answer is required; if such an answer is required, Skechers denies the allegations of Paragraph 57.

58. Skechers denies the allegations of Paragraph 58.

THIRD CLAIM

(By Plaintiff For Statutory Unfair Competition Against All Defendants)

59. Skechers incorporates by reference its answers to Paragraphs 1 through 58, inclusive, of the complaint.

SKECHERS' SECOND AMENDED
ANSWER AND AFFIRMATIVE DEFENSES
CV10-7181-DDP (SSX)

60. Skechers admits that Skechers U.S.A., Inc. and Skechers U.S.A., Inc. II are Delaware corporations.  The remaining allegations in Paragraph 60 state a legal conclusion to which no answer is required; if such answer is required, Skechers denies the remaining allegations of Paragraph 60.

61. The allegations of Paragraph 61 state a legal conclusion to which no answer is required; if such an answer is required, Skechers denies the allegations of Paragraph 61.

62. The allegations of Paragraph 62 state a legal conclusion to which no answer is required; if such an answer is required, Skechers denies the allegations of Paragraph 62.

63. Skechers lacks sufficient information to support a belief as to the actual truth of the allegations of Paragraph 63 and therefore denies these allegations.

## AFFIRMATIVE DEFENSES

64.    As separate and additional defenses to the complaint, and without suggesting or conceding that they have the burden of proof on any such defenses, Skechers alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

65.    Plaintiff's complaint and each and every purported claim alleged therein fails to state facts sufficient to constitute a cause of action against Skechers.

### SECOND AFFIRMATIVE DEFENSE

(Co-Author of Work)

66.    Plaintiff's claim for copyright infringement is barred because Skechers is at minimum a co-author and co-owner of the "raw" and "unedited" photographs in question.  As a co-author of the "raw" and "unedited" photographs, Skechers is not subject to a claim for copyright infringement.

1

## THIRD AFFIRMATIVE DEFENSE

2

### (Invalid Copyright Registrations)

3    67.    Plaintiff's copyright registrations were procured by fraud and/or are

4 invalid because Skechers is at a minimum a co-author and co-owner of the "raw"

5 and "unedited" photographs in question.  As a result, Skechers is not subject to a

6 claim for copyright infringement.

7

## FOURTH AFFIRMATIVE DEFENSE

8

### (Joint Work)

9    68.    Plaintiff's claim for copyright infringement is barred because the

10 allegedly infringing works are "joint works" pursuant to 17 U.S.C. § 101, and

11 Skechers is the author or, at a minimum, the co-author of the joint works.  As a

12 result, Skechers is not subject to a claim for copyright infringement.

13

## FIFTH AFFIRMATIVE DEFENSE

14

### (License)

15    69. Plaintiff's complaint and each and every purported claim alleged therein

16 is barred, in whole or in part, because Skechers possessed a valid license from

17 Plaintiff to exploit and use Plaintiff's allegedly copyrighted material.

18

## SIXTH AFFIRMATIVE DEFENSE

19

### (Payment)

20    70. Plaintiff's complaint and each and every purported claim alleged therein

21 is barred, in whole or in part, because Skechers has paid the debt alleged to be

22 owed by Plaintiff.

23

## SEVENTH AFFIRMATIVE DEFENSE

24

### (Statute of Limitations)

25    71. Plaintiff's complaint and each and every purported claim alleged therein

26 is barred, in whole or in part, by the applicable statute of limitations.

27

28

SKECHERS' SECOND AMENDED
ANSWER AND AFFIRMATIVE DEFENSES
CV10-7181-DDP (SSX)

1 | EIGHTH AFFIRMATIVE DEFENSE

2 | (No Mutual Intent/Contract Terms Uncertain)

3 | 72. Plaintiff's complaint and each and every purported claim alleged therein

4 | is barred, in whole or in part, because the parties lacked mutual intent with respect

5 | to the terms of the alleged provisions that Plaintiff claims were breached and/or the

6 | terms of such alleged provisions were uncertain.

7 | NINTH AFFIRMATIVE DEFENSE

8 | (Waiver, Estoppel, Acquiescence, Unclean Hands, Laches)

9 | 73. Plaintiff's complaint and each and every purported claim alleged therein

10 | is barred by the equitable doctrines of waiver, estoppel, acquiescence, unclean

11 | hands, and laches.

12 | TENTH AFFIRMATIVE DEFENSE

13 | (Modification)

14 | 74. The alleged agreements in question were modified by subsequent

15 | agreement between the parties, and except as prevented by Plaintiff or as otherwise

16 | excused, Skechers has fully performed in accordance with any such modified

17 | agreements.

18 | ELEVENTH AFFIRMATIVE DEFENSE

19 | (Ratification/Consent)

20 | 75. Plaintiff, through actions or omissions, expressly or implicitly consented

21 | to and ratified the acts complained of.

22 | TWELFTH AFFIRMATIVE DEFENSE

23 | (Excuse/Justification)

24 | 76. Plaintiff's complaint and each and every purported claim alleged therein

25 | is barred, in whole or in part, because Skechers' conduct was at all times excused

26 | and/or justified.

27 |

28 |

SKECHERS' SECOND AMENDED
ANSWER AND AFFIRMATIVE DEFENSES
CV10-7181-DDP (SSX)

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

77.    Plaintiff has failed to mitigate or attempt to mitigate alleged damages, if in fact any damages have been or will be sustained, and any recovery by plaintiff must be diminished or barred by reason thereof.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

78. If Skechers is found in some manner responsible for the matters alleged in plaintiff's complaint, any such injuries, damages, penalties or other costs were proximately caused and contributed to by the negligence, fault, acts or omissions of other individuals or entities for whose conduct Skechers is not responsible. Skechers therefore requests that in the event of a finding of any liability in favor of plaintiff, or settlement or judgment against Skechers, an apportionment of fault be made among all such parties by the Court or jury.  Skechers further requests judgment and a declaration of partial indemnification and contribution against all other persons in accordance with the principles of apportionment of fault.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Monetary Relief Too Speculative)

79. Plaintiff's complaint and each and every purported claim alleged therein seeking monetary relief is barred because the requested monetary relief is too speculative and/or remote and/or impossible to prove and/or to allocate.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

80. Plaintiff's complaint and each and every purported claim alleged therein is barred, in whole or in part, because the alleged injuries or damage complained of by plaintiff, if any, are speculative and would be adequately compensated in an action at law for damages.

SKECHERS' SECOND AMENDED
ANSWER AND AFFIRMATIVE DEFENSES
CV10-7181-DDP (SSX)

SEVENTEENTH AFFIRMATIVE DEFENSE

(Setoff and Recoupment)

81. Without conceding that any acts of Skechers caused damage to plaintiff or any other person in any respect, Skechers is entitled to offset and recoup against any judgment that may be entered against it all obligations of plaintiff owing to Skechers.

EIGHTEENTH AFFIRMATIVE DEFENSE

(First Sale Doctrine)

82. Plaintiff's complaint and each and every purported claim alleged therein is barred, in whole or in part, by the first sale doctrine, 17 U.S.C. § 109.

NINETEENTH AFFIRMATIVE DEFENSE

(Additional Defenses)

83. Skechers is informed and believes and on such basis alleges that it may have additional defenses available to it, which are not fully known and of which they are not presently aware.  Skechers reserves the right to raise and assert further additional defenses after such defenses have been ascertained.

WHEREFORE, Skechers prays for judgment in its favor as follows:

    1.    That plaintiff's complaint be dismissed;

    2.    That plaintiff takes nothing by this action;

    3.    That judgment be entered in Skechers' favor and against plaintiff on all claims asserted against Skechers;

    4.    That Skechers be awarded its costs of suit and attorneys' fees; and

    5.    For such other relief as the Court deems just and proper.

1

2    Dated:  February 6, 2012                O'MELVENY & MYERS LLP

3

4                                            By: _/s/ Robert C. Welsh_____
                                                  Robert C. Welsh
5                                            Attorneys for Defendants Skechers
                                             U.S.A., Inc. and Skechers U.S.A., Inc. II
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SKECHERS' SECOND AMENDED
ANSWER AND AFFIRMATIVE DEFENSES
CV10-7181-DDP (SSX)