1  DANIEL M. PETROCELLI (S.B. #97802)
   dpetrocelli@omm.com
2  ROBERT C. WELSH (S.B. #130782)
   rwelsh@omm.com
3  DREW E. BREUDER (S.B. #198466)
   dbreuder@omm.com
4  O'MELVENY & MYERS LLP
   1999 Avenue of the Stars, 7th Floor
5  Los Angeles, CA 90067-6035
   Telephone:  (310) 553-6700
6  Facsimile:   (310) 246-6779

7  Attorneys for Defendants
   Skechers U.S.A., Inc. and Skechers U.S.A., Inc. II
8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11 |                              | Case No. CV10-7181-DDP (SSx)
12 | RICHARD REINSDORF,           | Hon. Dean D. Pregerson
13 |         Plaintiff,           | **DEFENDANTS SKECHERS U.S.A., INC. AND SKECHERS U.S.A., INC. II'S REPLY MEMORANDUM IN SUPPORT OF EX PARTE APPLICATION TO PRECLUDE PLAINTIFF FROM OFFERING EXPERT TESTIMONY FROM ANY WITNESS; AND SUPPLEMENTAL DECLARATION OF DREW E. BREUDER**
14 |     v.                       |
15 | SKECHERS U.SA., INC.;        |
   | SKECHERS U.S.A., INC. II; and|
16 | DOES 1-10,                   |
17 |         Defendants.          |
18 |                              | Courtroom 23 (3rd Floor)
19 |                              |
20 |                              | Discovery Cutoff:   May 15, 2012
   |                              | Pretrial Conference: July 2, 2012
21 |                              | Trial Date:          July 10, 2012

22
23
24
25
26
27
28

Defendants Skechers U.S.A., Inc. and Skechers U.S.A., Inc. II (collectively, "Skechers") offer this brief reply memorandum in support of their ex parte application to preclude Plaintiff Richard Reinsdorf ("Reinsdorf") from offering expert testimony from any witness (the "Application"), and to correct the numerous inaccuracies and misstatements in Reinsdorf's opposition thereto (Docket No. 73, or "Opp.").

First, Reinsdorf claims that the parties never stipulated to exchange expert reports on March 2, 2012, but rather agreed to a deadline of April 13, 2012 for initial expert submissions. This is demonstrably false. As Skechers explained in its Application, in November of last year the parties specifically agreed to set March 2, 2012 as the date by which they would exchange expert reports. In the words of Reinsdorf's own counsel, Mr. Henry Self:

> Your [Skechers'] proposed schedule for expert reports (March 2, 2012 as the deadline to exchange any reports and March 16 to exchange any rebuttals) is acceptable.

Docket No. 72-2 (Breuder Decl., Ex. 3) at 8 (11/29/11 letter from H. Self). There was nothing optional or "arbitrary" about this deadline, as Reinsdorf now claims.

Weeks after his failure to meet the March 2 deadline, Reinsdorf now contends that Skechers agreed to set April 13, 2012 as the "new" expert deadline. *See* Opp. at 7:6-7 ("Here, the parties agreed—in the presence of a federal judge, no less—to a deadline of April 13."). But Skechers' April 1 letter—which Reinsdorf contends is "proof" of this alleged agreement—says nothing of the kind:

> During Thursday's telephonic conference with Magistrate Judge Segal, you stated that plaintiff will provide his expert reports by April 13, 2012. *To avoid further motion practice, we would agree to a schedule by which the parties will exchange expert reports on April 13 and exchange rebuttal expert reports on April 27—but only if the parties also agree to complete expert discovery by May 8.* Under the existing schedule, fact and expert discovery are scheduled to close on May 15, the same day that dispositive motions are due. We cannot agree to an expert disclosure schedule that will further prejudice Skechers' ability to prepare its summary judgment papers.

> If the foregoing is acceptable, we will prepare a proposed stipulation for your approval and submission to the Court. If plaintiff refuses to agree or to propose an acceptable alternative schedule that takes into account Skechers' need for a period of time in which to prepare its summary judgment papers, we reserve the right to seek relief from the Court.

Docket No. 72-2 (Breuder Decl., Ex. 14) at 73 (4/1/12 letter from D. Breuder) (emphasis added).[1] Reinsdorf admittedly failed to respond to this letter or agree to Skechers' proposal for a firm schedule wherein rebuttal reports would be exchanged by April 27 and expert discovery would close by May 8. *See* Opp. at 6 n.4 (Reinsdorf's counsel admits they "dismissed" Skechers' proposal).[2] *See also* Docket No. 72-1 (Breuder Decl.) at ¶ 12 (confirming that Reinsdorf never responded to Skechers' April 1, 2012 letter).  The simple truth is that the parties agreed to exchange reports on March 2, Skechers complied with that deadline, and Reinsdorf did not.  And Skechers certainly never agreed that Reinsdorf could ignore the March 2 deadline, and take an extra six weeks to analyze and dissect the timely-provided report of Skechers' expert, Mr. Jeff Sedlik, and prepare his own expert reports.

      <u>Second</u>, Reinsdorf accuses Skechers of "sandbagging" him by "secretly decid[ing] on April 11 as the deadline for expert reports." Opp. at 2:18-24.  But in his written submission to Magistrate Judge Segal in advance of the March 29, 2012 hearing, Reinsdorf specifically contended that, under Federal Rule 26(a)(2)(D)(i),

---

[1] Reinsdorf also cites to the civil minutes of the March 29, 2012 hearing as evidencing an alleged agreement by Skechers to exchange expert reports on April 13 (Opp. at 2:9-11), but those minutes state only that "The Court holds a telephonic status conference.  Court and counsel discuss discovery issues." Docket No. 71.

[2] In fact, Reinsdorf claims that Skechers' April 1 proposal was "superfluous given that the parties had already so stipulated by telephone with Magistrate Judge Segal on the line." Opp. at 6 n.4.  This makes no sense, however, as it is undisputed that Skechers did not raise its proposed schedule for rebuttal reports and close of expert discovery until *after* the March 29 conference with Magistrate Judge Segal.  Nor is it true that Skechers" agreed" during the March 29 hearing to set April 13 as the new deadline for exchange of expert reports.

1  his expert reports were not due until "90 days prior to the trial date in this case
2  [which] would not be until *April 11, 2012*." *See* Docket No. 72-2 (Breuder Decl.,
3  Ex. 13) at 68 (3/27/12 email from H. Self) (emphasis added).  In other words,
4  Reinsdorf, not Skechers, is the party who identified April 11 as the operative
5  deadline.  Skechers' position is, and always has been, that expert reports were due
6  on March 2, 2011.  That is precisely why Skechers sought relief from Magistrate
7  Judge Segal in the first place.  Reinsdorf's "sandbagging" claim is particularly
8  ironic, given his tactical decision to delay production of his own expert reports until
9  six weeks after the March 2 deadline.[3]

10    Third, Reinsdorf contends that the Court should deny the Application
11  because there is no "real urgency" here, and that Skechers should have pursued
12  relief by filing an *in limine* or regularly noticed motion.  Opp. at 3:19-4:5.
13  Reinsdorf misses the point.  Because of his unilateral failure to comply with the
14  Court's schedule and blatant refusal to engage on a proposed timetable for expert
15  discovery, Skechers will not have adequate time to prepare its rebuttal reports and
16  conduct discovery of Reinsdorf's experts.  As things currently stand, Skechers'
17  rebuttal reports are now due on Friday, May 11—"30 days after the other party's
18  disclosure."  FED. R. CIV. PROC. 26(a)(2)(D)(ii).  In other words, Skechers will only
19  have *four days* (including the weekend) after the service of rebuttal reports to

---

[3] Reinsdorf admits that "by February it was clear" he could not meet the March 2 deadline (Opp. at 4:14-16), but claims he was not required to seek relief from the March 2 deadline because "[t]here was no order from which he could request relief in the first place." *Id*. at 4 n.2.  This is nonsense.  Reinsdorf could have sought relief from the Court's Scheduling Order, which is what prompted the parties' agreement to exchange reports on March 2. *See* Docket No. 37 (8/9/11 Scheduling Order).  Reinsdorf was not entitled to sit back, let the March 2 deadline pass, receive the report of Skechers' expert Mr. Sedlik, and then decide for himself when to submit expert reports. *See John McClelland Assocs., Inc. v. Medical Action Indus., Inc.,* 2006 WL 2054439, at *2 (D. Kan. 2006) (rejecting plaintiff's argument that he could not produce expert disclosures earlier because fact discovery was not complete where plaintiff failed to raise this argument prior to expiration of expert deadlines).

complete discovery and prepare dispositive motions by the May 15 deadline. This raises serious due process issues. Skechers is entitled to know now whether Reinsdorf's untimely expert reports are in the case or not. Filing a regularly-noticed motion, or seeking *in limine* relief, are not suitable options given the truncated timetable that Reinsdorf's own conduct has put in place.

Fourth, Reinsdorf has repeatedly alleged that he could not have met the March 2 deadline because "proceeding with expert discovery…would have been premature given that factual discovery was still far from finished." Opp. at 4:16-19. Skechers has previously explained that any remaining factual discovery has no bearing on the testimony Reinsdorf's purported experts will provide. For instance, Skechers explained that Reinsdorf's purported experts on "industry custom and practice" did not need to hear from Skechers' witnesses to explain in a report what constitutes the industry custom and practice in the fields of advertising or photography, or to testify concerning "consumer purchasing decisions."

On Friday evening, after the filing of its Application, Skechers received partial copies of reports from Reinsdorf's experts.[4] These reports confirm Skechers' position, and put the lie to Reinsdorf's claim that preparing expert reports in February would have been futile. Specifically,

- Three depositions have taken place since February 2012, when Reinsdorf first claimed he could not complete his expert reports because so many fact depositions remained. But none of Reinsdorf's expert reports cite to or rely on any of this deposition testimony. Supp.

---

[4] Reinsdorf's untimely reports do not appear to comply with Rule 26. For example, the report of Reinsdorf's expert, Brent Watts, fails to specify what documents, if any, he relied on in formulating his opinion. *See* FED. R. CIV. PROC. 26(a)(2)(D) (written report should include "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; and (ii) the facts or data considered by the witness in forming his or her opinions"). Even worse, Reinsdorf *still* has not furnished Skechers with a complete copy of the report of his expert, Frank Luntz. *See* Supplemental Declaration of Drew E. Breuder ("Supp. Breuder Decl.") at ¶ 2 (filed concurrently herewith).

    Breuder Decl. at ¶ 3.  This is not surprising, as Reinsdorf's experts did not need this testimony to begin with.

- The vast majority, if not all, of the documents on which Reinsdorf's experts allegedly relied on to prepare their reports were already in Reinsdorf's possession at the outset of this case or were produced by Skechers many months ago.  For example, the report of Jamie Turner states that to prepare his report he reviewed a series of invoices from the photo shoots in question, as well as the complaint.  But Reinsdorf already had the invoices prior to the filing of this case, and Skechers reproduced copies of them to Reinsdorf in October 2011.  *Id.* ¶ 4.  Likewise, the report of Bruce Kramer states that he reviewed the complaint, a 2010 declaration from Reinsdorf's agent, Mr. Heller, and the same estimates and invoices that Reinsdorf had prior to the filing of this case and which Skechers re-produced last year.  *Id.*  The report of Brent Watts does not specify that he relied on any documents to prepare his report.  *Id.*

Put simply, the fact that additional depositions remained as of February is not the reason Reinsdorf failed to meet the March 2 deadline.  It was his lack of diligence, and the direct result of a calculated gamble that he could openly shirk his duties as a litigant without consequence.

    As explained in the Application, Reinsdorf continues to make up the rules as he goes along, to Skechers' detriment and prejudice.  Reinsdorf is not permitted to ignore agreed-upon deadlines, obtain advance disclosure of Skechers' expert reports, and then unilaterally decide upon on an expert schedule which leaves Skechers with no schedule for rebuttal experts, no time to conduct discovery against rebuttal experts, and inadequate time to prepare and file its dispositive motions.  Reinsdorf has not met his burden of demonstrating that his failure to comply with the March 2 expert deadline was substantially justified or harmless.  *See* FED. R.

1  CIV. PROC. 37(c)(1); *Cont'l Labs. Prods., Inc. v. Medax Int'l, Inc.*, 195 F.R.D. 675,
2  677 (S.D. Cal. 2000) (exclusion for violation of a scheduling order is generally
3  "automatic and mandatory" unless the dilatory party can overcome his burden);
4  *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005) ("Parties
5  must understand that they will pay a price for failure to comply strictly with
6  scheduling and other orders, and that failure to do so may properly support severe
7  sanctions and exclusions of evidence.").[5]  Accordingly, the Court should preclude
8  Reinsdorf from presenting testimony from any expert witness.

9      Alternatively, if the Court is not inclined to grant such relief, Skechers
10  requests that it order Reinsdorf to adhere to the schedule proposed by Skechers in
11  its April 1 letter—namely, that the parties exchange rebuttal reports by April 27 and
12  that expert discovery close by May 8.  In addition, Skechers requests that the Court
13  continue the deadline for it to file dispositive motions from May 15 to May 22,
14  2012.

16  Dated:  April 16, 2012            O'MELVENY & MYERS LLP

18                                                           By: /s/ Drew E. Breuder
19                                                                Drew E. Breuder
                                               Attorneys for Defendants Skechers
20                                             U.S.A., Inc. and Skechers U.S.A., Inc. II

---

[5] Reinsdorf's failure to meet his burden is perhaps best evidenced by the fact that he does not address a single one of the legal authorities cited in Skechers' Application. Indeed, a significant portion of Reinsdorf's opposition is a cut-and-paste job from prior correspondence with Skechers concerning his failure to meet the March 2 deadline.