DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
ROBERT C. WELSH (S.B. #130782)
rwelsh@omm.com
DREW E. BREUDER (S.B. #198466)
dbreuder@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067-6035
Telephone:   (310) 553-6700
Facsimile:    (310) 246-6779

Attorneys for Defendants
Skechers U.S.A., Inc. and Skechers U.S.A., Inc. II

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD REINSDORF,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SKECHERS U.S.A., INC.; SKECHERS U.S.A., INC. II; and DOES 1-10,<br><br>　　　　Defendants. | Case No. CV10-7181-DDP (SSx)<br>Hon. Dean D. Pregerson<br><br>**SUPPLEMENTAL DECLARATION OF DREW E. BREUDER IN SUPPORT OF DEFENDANTS SKECHERS U.S.A., INC. AND SKECHERS U.S.A., INC. II'S <u>EX PARTE</u> APPLICATION TO PRECLUDE PLAINTIFF FROM OFFERING EXPERT TESTIMONY FROM ANY WITNESS**<br><br>Courtroom 23 (3rd Floor)<br><br>Discovery Cutoff:　　May 15, 2012<br>Pretrial Conference:　July 2, 2012<br>Trial Date:　　　　　July 10, 2012 |

# SUPPLEMENTAL DECLARATION OF DREW E. BREUDER

I, Drew E. Breuder, the undersigned, hereby declare:

1. I am an attorney at law, licensed to practice before all courts in the State of California. I am counsel to O'Melveny & Myers LLP and counsel of record in the above-captioned action for defendants Skechers U.S.A., Inc. and Skechers U.S.A., Inc. II (collectively, "Skechers"). I submit this supplemental declaration in support of Skechers' Ex Parte Application to Preclude Plaintiff Richard Reinsdorf ("Plaintiff") From Offering Expert Testimony From Any Witness. I know all the following facts of my own personal knowledge and, if called and sworn as a witness, could and would testify competently thereto.

2. On Friday evening, April 12, 2012, Plaintiff sent copies of his purported expert reports to Skechers. However, Plaintiff still has not provided Skechers with a complete copy of the report of his expert, Frank Luntz. Specifically, Plaintiff has only provided Skechers with Parts 1, 4, and 5 of Mr. Luntz's report. Skechers has raised this issue with Plaintiff, who claims the reason is because of an alleged email "delivery failure." But Skechers still has not received the missing parts of Mr. Luntz's report as of the date of this filing.

3. In February 2012, Plaintiff asserted that it was premature to prepare his expert reports because various fact depositions remained to be conducted. Since that time, three depositions have taken place in this case (the depositions of Plaintiff, Danny Schwarz, and Karey Teng). Notwithstanding Plaintiff's claim that he needed additional fact deposition testimony to prepare his experts' reports, none of the five expert reports Plaintiff provided on Friday evening, April 12, appear to cite to or rely on any of this deposition testimony.

4. Some of Plaintiff's expert reports also contain a list of the various documents relied on in preparation of the reports and formulation of the opinions expressed therein. But the vast majority, if not all, of the documents on which Plaintiff's experts allegedly relied on to prepare their reports were already in

Plaintiff's possession at the outset of this case or were produced by Skechers many months ago.  For example, the report of Plaintiff's expert, Jamie Turner, states that to prepare his report he reviewed a series of invoices from the photo shoots in question, as well as the complaint.  Plaintiff already had the invoices prior to the filing of this case, and Skechers reproduced copies of them to Plaintiff in October 2011.  Likewise, the report of Bruce Kramer states that he reviewed the complaint, a 2010 declaration from Reinsdorf's agent, Mr. Heller, and the same estimates and invoices that Reinsdorf had prior to the filing of this case and which Skechers re-produced last year.  The report of Brent Watts does not specify that he relied on any documents to prepare his report.

   I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed in Los Angeles, California on this 16th day of April 2012.

By: /s/ Drew E. Breuder