DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
ROBERT C. WELSH (S.B. #130782)
rwelsh@omm.com
DREW E. BREUDER (S.B. #198466)
dbreuder@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067-6035
Telephone:  (310) 553-6700
Facsimile:  (310) 246-6779

Attorneys for Defendants
Skechers U.S.A., Inc. and Skechers U.S.A., Inc. II

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD REINSDORF,<br><br>Plaintiff,<br><br>v.<br><br>SKECHERS U.S.A., INC.; SKECHERS U.S.A., INC. II; and DOES 1-10,<br><br>Defendants. | Case No. CV10-7181-DDP (SSx)<br>Hon. Dean D. Pregerson<br><br>**[DISCOVERY DOCUMENT: Referred to Magistrate Judge Suzanne H. Segal]**<br><br>**DECLARATION OF DREW E. BREUDER IN SUPPORT OF DEFENDANTS SKECHERS U.S.A., INC. AND SKECHERS U.S.A., INC. II'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**<br><br>Courtroom 23 (3rd Floor)<br>Hearing Date:  May 8, 2012<br>[Proposed] Time:  2:30 p.m. |

# DECLARATION OF DREW E. BREUDER

I, Drew E. Breuder, the undersigned, hereby declare:

1. I am an attorney at law, licensed to practice before all courts in the State of California. I am counsel to O'Melveny & Myers LLP and counsel of record in the above-captioned action for defendants Skechers U.S.A., Inc. and Skechers U.S.A., Inc. II (collectively, "Skechers"). I submit this declaration in support of Defendants Skechers U.S.A., Inc. and Skechers U.S.A., Inc. II's Opposition to Plaintiff's Motion to Compel (the "Joint Stipulation"). I know all the following facts of my own personal knowledge and, if called and sworn as a witness, could and would testify competently thereto.

2. On February 22, 2012, Plaintiff served a notice of deposition for Mr. Robert Greenberg. Mr. Greenberg is Skechers' Chief Executive Officer and Chairman of the Board. A true and correct copy of the notice of deposition is attached hereto as Exhibit 1.

3. Following its receipt of Plaintiff's deposition notice, Skechers wrote to Plaintiff on February 29, 2012 to advise that there was no basis to depose Mr. Greenberg because he is an "apex" officer of the company and possesses no knowledge relevant to this case. Attached hereto as Exhibit 2 is a true and correct copy of Skechers' February 29, 2012 letter to counsel for Plaintiff.

4. Plaintiff refused to dispense with the deposition of Mr. Greenberg, so Skechers subsequently raised the matter with Magistrate Judge Segal. On March 1, 2012, the Magistrate Judge heard oral argument on this and other discovery matters during a discovery conference. The Magistrate Judge indicated that as the parties had not filed formal motions, the Court would not make any rulings but would instead hear each side's arguments and indicate her tentative conclusions. During that call, Skechers explained that Mr. Greenberg has no percipient knowledge relevant to the facts of this action. Skechers advised the Magistrate Judge that Mr. Greenberg was not identified as a witness in either Plaintiff's initial disclosures or

1

BREUDER DECL. ISO JOINT STIPULATION
FOR PROTECTIVE ORDER
CV10-7181-DDP (SSx)

1  Plaintiff's amended initial disclosures.  Skechers further advised the Magistrate
2  Judge that Mr. Greenberg had also not been identified at any of the depositions in
3  this case—including Plaintiff's own deposition—as having knowledge relevant to
4  any issue in this case.  Thus, Skechers argued that Plaintiff had failed to satisfy its
5  burden in seeking to depose an apex officer such as Mr. Greenberg.  Ultimately, the
6  Magistrate Judge indicated that upon the record as stated by Plaintiff, the Court
7  would likely conclude that Plaintiff had failed to proffer sufficient evidence to
8  compel Mr. Greenberg's deposition and issued a recommendation to that effect.
9  Plaintiff agreed to hold off on deposing Mr. Greenberg until such time that
10 evidence, if any, arises establishing Mr. Greenberg's personal knowledge of the
11 facts relevant to the case at hand.  A true and correct copy of the March 1, 2012
12 Transcript of Proceedings Before the Honorable Suzanne H. Segal, United States
13 Magistrate Judge is attached hereto as Exhibit 3.

14    5.    On March 9, 2012, Skechers served its objections to the notice of
15 deposition for Mr. Robert Greenberg.  A true and correct copy of the Joint
16 Stipulation is attached hereto as Exhibit 4.

17    6.    On March 27, 2012, Plaintiff again raised the issue of deposing Robert
18 Greenberg.  Plaintiff pointed to references to Robert Greenberg in the November 8,
19 2010 declarations of Jason Greenberg and Fred Machuca that were filed in support
20 of Skechers Motion to Dismiss as purported support for Mr. Greenberg's
21 "percipient knowledge."  A true and correct copy of the Plaintiff's counsel's email
22 to the court clerk is attached hereto as Exhibit 5.

23    7.    On March 29, 2012, Magistrate Judge Segal heard oral argument on
24 this and other discovery matters during a discovery conference.  At the March 29
25 hearing, Magistrate Judge Segal advised the parties that upon the record as stated
26 by Plaintiff, the Court would likely conclude that Plaintiff had failed to proffer
27 sufficient evidence to compel Mr. Greenberg's deposition and issued a
28 recommendation to that effect.  A true and correct copy of the March 29, 2012

Transcript of Proceedings Before the Honorable Suzanne H. Segal, United States Magistrate Judge is attached hereto as Exhibit 6.

8. On April 5, Plaintiff sent a letter to Skechers demanding that Skechers make Mr. Greenberg available for deposition. Plaintiff stated that Skechers cannot "hide behind the notion that Mr. Greenberg is a chairman of a billion dollar corporation" in order to avoid his deposition. A true and correct copy of Plaintiff's counsel's letter of April 5, 2012 is attached hereto as Exhibit 7.

9. Following its receipt of Plaintiff's counsel's letter, Skechers wrote to Plaintiff on the same day to again advise that there was no basis to depose Mr. Greenberg because he is an "apex" officer of the company and possesses no knowledge relevant to this case. Skechers also pointed Plaintiff to Magistrate Judge Segal's two prior recommendations to the same effect. Skechers also informed Plaintiff that if he continued to persist in seeking Mr. Greenberg's deposition, Skechers would move for a protective order and monetary sanctions. Attached hereto as Exhibit 8 is a true and correct copy of Skechers' April 5, 2012 letter to counsel for Plaintiff.

10. On April 17, 2012, Plaintiff deposed Fernando ("Fred") Machuca, former Vice President of Creative Design of Skechers. A true and correct copy of Mr. Machuca's deposition testimony of April 17 is attached hereto as Exhibit 9. When Plaintiff had conducted seven hours of deposition, Jeffrey Barker of Skechers inquired as to how much additional time Plaintiff required to properly conclude the deposition. Plaintiff responded that he needed an additional hour and a half.

11. On April 18, 2012, Skechers offered to make Mr. Machuca available for an additional 90 minutes of deposition, provided that Plaintiff agreed to make Mr. Reinsdorf available for deposition for an additional two hours and 50 minutes, as recommended by Magistrate Judge Segal. Skechers made this offer solely in order to resolve two outstanding discovery issues and avoid further impositions on

1  this Court's docket.  A true and correct copy of my letter of April 18, 2012 to
2  counsel for Plaintiff is attached hereto as Exhibit 10.

3      12.    On April 19, 2012, Plaintiff's counsel agreed, via e-mail, to the terms
4  of Skechers' offer regarding the depositions of Messrs. Machuca and Reinsdorf.  A
5  true and correct copy of Plaintiff's counsel's April 19, 2012 email is attached hereto
6  as Exhibit 11.

7      13.    On April 25, 2012, Plaintiff deposed Fred Machuca for the additional
8  agreed upon 90 minutes.  A true and correct copy of Mr. Machuca's deposition
9  testimony of April 25 is attached hereto as Exhibit 12.  When Plaintiff had
10 exhausted the additional time, Skechers' counsel did not allow Plaintiff's counsel to
11 further question Mr. Machuca.

12     14.    Attached hereto as Exhibit 13 is a true and correct copy of an April 25,
13 2012 email from Plaintiff to the Magistrate Judge's clerk.  In the email, Plaintiff
14 requested an informal discovery conference with the Magistrate Judge to discuss
15 two issues:  (i) conducting a further deposition of Fred Machuca beyond the 8.5
16 hours of time the witness had already been examined for; and (ii) obtaining leave to
17 depose Skechers' C.E.O. and apex officer, Robert Greenberg.  As discussed herein,
18 Plaintiff had previously sought leave from the Magistrate Judge to depose Mr.
19 Greenberg on two separate occasions, and on each occasion the Magistrate Judge
20 indicated her belief that Plaintiff had not proffered sufficient evidence to warrant
21 the deposition of Mr. Greenberg.

22     15.    On April 30, 2012, the parties were informed by the Court clerk that
23 the Magistrate Judge did not intend to hold the informal discovery conference
24 requested by Plaintiff.  Plaintiff subsequently this Joint Stipulation and
25 accompanying *Ex Parte* Application without ever meeting and conferring in-person
26 with Skechers.

27     16.    On May 2, 2012, Plaintiff deposed Jason Greenberg, Senior Vice
28 President of Visual Imaging of Skechers.  A true and correct copy of the rough draft

of Mr. Greenberg's deposition testimony of the morning session is attached hereto as Exhibit 14.

17. As of writing this Declaration, Plaintiff has already noticed or take the deposition of the following individuals: (1) Jill Simonian, taken on January 18, 2012; (2) Michael Lockhart, taken on April 27, 2012; (3) Jason Greenberg, taken on May 2, 2012; (4) Fred Machuca, taken on April 17 and 25, 2012; (5) Daniel Schwarz, taken on April 5, 2012; (6) Karey Teng, taken on April 6, 2012; (7) David Weinberg; (8) Jennifer Clay, taken on May 4, 2012; (9) John David Moody, taken on April 30, 2012; and (10) Skechers' 30(b)(6) witnesses. Skechers' 30(b)(6) witnesses include: Jason Greenberg, Fred Machuca, Jennifer Clay, Verna Larrouy, Carla, Knight, and David Weinberg. Plaintiff has already deposed Jason Greenberg, Fred Machuca, and Jennifer Clay, as explained above. Plaintiff has also deposed Verna Larrouy on May 1, 2012. Plaintiff has additionally noticed the depositions of David Weinberg and Carla Knight for May 8 and May 10, 2012, respectively.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed in Los Angeles, California on this 7th day of May 2012.

By: /s/ Drew E. Breuder