DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
ROBERT C. WELSH (S.B. #130782)
rwelsh@omm.com
DREW E. BREUDER (S.B. #198466)
dbreuder@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067-6035
Telephone:  (310) 553-6700
Facsimile:   (310) 246-6779

Attorneys for Defendants
Skechers U.S.A., Inc. and Skechers U.S.A., Inc. II

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD REINSDORF,<br><br>            Plaintiff,<br><br>    v.<br><br>SKECHERS U.S.A., INC.; SKECHERS U.S.A., INC. II; and DOES 1-10,<br><br>            Defendants. | Case No. CV10-7181-DDP (SSx)<br>Hon. Dean D. Pregerson<br><br>**[DISCOVERY DOCUMENT: Referred to Magistrate Judge Suzanne H. Segal]**<br><br>**DECLARATION OF DREW E. BREUDER IN SUPPORT OF DEFENDANTS SKECHERS U.S.A., INC. AND SKECHERS U.S.A., INC. II'S JOINT STIPULATION RE ORDER TO SHOW CAUSE AND TO COMPEL DEPOSITIONS OF FRANK LUNTZ AND ROBERT HELLER OR EXCLUDE THEIR TESTIMONY**<br><br>Courtroom 23 (3rd Floor)<br><br>[Proposed] Hearing:    May 8, 2012<br>[Proposed] Time:        2:30 p.m.<br><br>Discovery Cutoff:       May 15, 2012<br>Pretrial Conference:    July 2, 2012<br>Trial Date:                   July 10, 2012 |

# DECLARATION OF DREW E. BREUDER

I, Drew E. Breuder, the undersigned, hereby declare:

1. I am an attorney at law, licensed to practice before all courts in the State of California. I am counsel to O'Melveny & Myers LLP and counsel of record in the above-captioned action for defendants Skechers U.S.A., Inc. and Skechers U.S.A., Inc. II (collectively, "Skechers"). I submit this declaration in support of Skechers' Joint Stipulation re Order to Show Cause and to Compel Depositions of Frank Luntz and Robert Heller or Exclude their Testimony. I know all the following facts of my own personal knowledge and, if called and sworn as a witness, could and would testify competently thereto.

## Skechers' Document Subpoenas

2. On April 20, 2012, Skechers served document subpoenas on Plaintiff Richard Reinsdorf ("Plaintiff")'s five expert witnesses: David B. Connelly, Brent Watts, Bruce Kramer, Jamie Turner, and Frank Luntz. Plaintiff's counsel agreed to accept service of the subpoenas on behalf of his expert witnesses. True and correct copies of the subpoenas, and Plaintiff's email confirming his agreement to accept service thereof, are attached hereto as Exhibit Nos. 1 and 2, respectively.

3. The subpoenas had a return date of May 1, 2012. Skechers did not receive any documents responsive to the subpoenas on May 1, however. On May 2, 2012, Skechers wrote to Plaintiff to inquire about the status of production. Plaintiff failed to ever respond to this letter. A true and correct copy of Skechers' May 2, 2012 letter is attached hereto as Exhibit 3.

4. On May 4, 2012, my colleague, Jeffrey A. Barker, met and conferred in-person with Plaintiff's counsel concerning the failure to produce any documents responsive to the subpoenas. Later that day, Skechers received a set of documents containing documents responsive to the subpoena to Mr. Connelly. However, no other documents have been produced in response to the subpoenas to Messrs.

1  Watts, Kramer, Turner or Luntz.  Nor has Plaintiff provided any indication when
2  such documents will be forthcoming.

### Skechers' Attempts to Depose Frank Luntz

4  5.     Plaintiff has designated Frank Luntz to testify as an expert concerning
5  "consumer behavior" and the "effects of [Skechers' allegedly unauthorized uses of
6  Plaintiff's copyright-protected works on consumer purchasing decisions."  Mr.
7  Luntz has submitted a 186-page expert report on behalf of Plaintiff.  Plaintiff's
8  expert, David B. Connelly, relies in part on the opinions set forth in Mr. Luntz's
9  report to support his conclusion that Plaintiff is allegedly entitled to more than $2.3
10 million in "actual" damages.  True and correct copies of Plaintiff's Second
11 Amended Expert Witness Disclosures, Mr. Luntz's report (excluding the survey
12 and related attachments), and Mr. Connelly's report are attached hereto as Exhibit
13 Nos. 4-6, respectively.

14 6.     As mentioned above, Skechers sent Plaintiff a subpoena duces tecum
15 requiring the production by Mr. Luntz of various documents, including but not
16 limited to the data supporting his survey.  Plaintiff agreed to accept service of the
17 subpoena on behalf of Mr. Luntz.  To date, however, neither Plaintiff nor Mr. Luntz
18 has produced any documents responsive to, or objected to, Skechers' subpoena
19 duces tecum.

20 7.     On April 23, 2012, Skechers sent Plaintiff a subpoena setting Mr.
21 Luntz's deposition for May 14, 2012.  Plaintiff agreed to accept service of the
22 subpoena on behalf of Mr. Luntz.  A true and correct copy of Skechers' April 23,
23 2012 subpoena is attached hereto as Exhibit 7.

24 8.     On April 30, 2012, seven days after Skechers served a subpoena
25 setting Mr. Luntz's deposition, Plaintiff wrote to Skechers and claimed that Mr.
26 Luntz was not available for deposition on the date set by Skechers' subpoena (May
27 14) and that he would not be available until May 21, after the discovery cutoff.  A
28 true and correct copy of Plaintiff's April 30, 2012 letter is attached as Exhibit 8.

9. On May 1, 2012, Skechers wrote to Plaintiff and insisted that he provide dates for Mr. Luntz's deposition prior to the close of discovery cutoff or else it would be forced to seek relief from the Court. Plaintiff responded later that day and continued to refuse to provide dates for Mr. Luntz's deposition prior to the May 15 discovery cutoff. The following day, May 2, 2012, Skechers sent another letter repeating its request that Plaintiff produce Mr. Luntz for deposition before discovery closes on May 15. Plaintiff continues to refuse to do so, however. True and correct copies of the May 1 and May 2, 2012 letters are attached hereto as Exhibit Nos. 9-11, respectively.

**Skechers' Attempts to Depose Plaintiff and His Agent, Robert Heller**

10. Skechers first noticed the deposition of Plaintiff in July 2011. However, Plaintiff did not make himself available for deposition until February 28, 2012, nearly 8 months later. Towards the end of his deposition on February 28, 2012, Plaintiff's counsel unilaterally and prematurely terminated the session, and walked out of the deposition claiming (erroneously) that Skechers had already exhausted its seven-hours of questioning. On March 1, 2012, the parties participated in a telephonic hearing with the Magistrate Judge, who recommended that Plaintiff make himself available for the remainder of his deposition (approximately 50 minutes), plus an additional two hours. Skechers then had to wait an additional 8 weeks, until Saturday, April 28, 2012, to finally complete Plaintiff's deposition. As of the date of this declaration, Plaintiff's deposition is the only deposition Skechers has been allowed to take. By contrast, to date Plaintiff has conducted 9 depositions of Skechers-related witnesses, with several more depositions slated to proceed before the May 15 discovery cutoff.

11. On February 27, 2012, Skechers served a subpoena on Plaintiff's agent, Robert Heller, and setting his deposition for March 26, 2012. Mr. Heller is the person responsible for drafting the invoices for the Skechers' photo shoots at issue in this case, and is a key witness. Plaintiff's counsel agreed to accept service

of the subpoena on behalf of Mr. Heller. True and correct copies of the February 27, 2012 subpoena and Plaintiff's subsequent email agreeing to accept service thereof are attached hereto as Exhibit Nos. 12 and 13, respectively.

12. On March 12, 2012, Plaintiff informed Skechers that opposing counsel was not available for Mr. Heller's deposition on March 26. On March 15, 2012, Skechers proposed an alternate date of April 9 for Mr. Heller's deposition. On March 22, 2012, Plaintiff instead offered to make Mr. Heller available on April 12, 18, 19, or 20. On March 30, Plaintiff changed course, offering to make Heller available on April 23 or 24. On March 31, 2012, Skechers agreed to depose Mr. Heller on April 24. True and correct copies of the parties' letters dated March 12, 15, 22, 30, and 31, 2012 are attached hereto as Exhibit Nos. 14-18, respectively.

13. On April 13, 2012, Skechers received copies of Plaintiff's expert reports. In particular, the report of Plaintiff's expert, David Connelly, cited to an as-of-then unproduced email Mr. Heller had provided to Mr. Connelly to support his damages estimates and opinions. Accordingly, Skechers wrote Plaintiff on April 18 and advised that it could not go forward with the deposition of Mr. Heller until it was provided with this critical document. On April 19, Skechers wrote to Plaintiff again, reiterating its position. On April 20, Skechers proposed that it depose Mr. Heller on May 9, contingent upon prior receipt of the documents it had subpoenaed from Skechers' experts. On April 25, counsel for Plaintiff informed Skechers that he could not attend a deposition on May 9. On April 27, Skechers proposed a deposition date of May 7 for Mr. Heller. Plaintiff subsequently responded on April 30 that Mr. Heller could not do May 7, and could only do May 3 or 4, but because Plaintiff had already planned to take depositions of Skechers' witnesses on May 3 or 4, the deposition of Mr. Heller could not proceed on that date since "both of those dates are already looking quite busy." The parties exchanged additional correspondence on this and other issues on May 1 and 2, 2012. True and correct copies of the parties' April 18, 19, 20, 25, 27, and 30, 2012,

1  and May 1-2, 2012, correspondence are attached hereto as Exhibit Nos. 19-27,
2  respectively.

### Meet and Confer Efforts

4  14.  On May 4, 2012, my colleague, Jeffrey A. Barker, met and conferred
5  in-person with Plaintiff's counsel concerning various discovery issues, including
6  the failure of Plaintiff's experts to produce documents in response to Skechers'
7  subpoenas and deposition dates for Messrs. Luntz and Heller.  During this in-person
8  meet and confer, the parties agreed that Mr. Heller's deposition would proceed on
9  May 7, 2012.

10  15.  A few hours later, Plaintiff unilaterally demanded that Skechers agree
11  to change the date of David Weinberg's deposition from May 8 to May 9.  David
12  Weinberg is Skechers' C.F.O., C.O.O., and apex officer, and his availability for
13  deposition is limited.  Skechers had previously informed Plaintiff that May 8 was
14  the one day that Mr. Weinberg had available for deposition and even offered to
15  adjust the start time of Mr. Weinberg's deposition on May 8 to accommodate
16  Plaintiff's scheduling issues.  Plaintiff insisted that if Skechers did not agree to
17  reschedule Mr. Weinberg's deposition to May 9, he was refusing to make Mr.
18  Heller available on May 7, the date that the parties' had just agreed upon hours
19  earlier.  In an email to counsel for Skechers, Plaintiff's counsel Mr. Briggs stated,
20  "[i]n light of your failure to make Mr. Weinberg available on May 9, Mr. Heller
21  will not be available on May 7."  He closed the email with an ultimatum: "Consider
22  Mr. Heller's deposition off calendar unless you confirm within the next 10 minutes
23  that Mr. Weinberg will be in my office on May 9."  In subsequent email exchanges,
24  Mr. Briggs repeated his insistence that Mr. Heller would not appear for deposition
25  on May 9, notwithstanding the fact that Skechers still intends to make Mr.
26  Weinberg available for deposition on May 8.  A true and correct copy of the
27  parties' May 4-6, 2012 email chain is attached hereto as Exhibit 28.
28

16. Pursuant to Local Rule 37-2.1, attached hereto as Exhibit 29 are true and correct copies of the relevant case scheduling orders in this matter.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed in Los Angeles, California on this 7th day May 2012.

By: /s/ Drew E. Breuder