**WILLIAM J. BRIGGS II (BAR NO. 144717)**
**HENRY L. SELF III (BAR NO. 223153)**
**LAVELY & SINGER**
**PROFESSIONAL CORPORATION**
2049 Century Park East, Suite 2400
Los Angeles, California 90067-2906
Telephone: (310) 556-3501
Facsimile: (310) 556-3615
Email: wbriggs@lavelysinger.com
       hself@lavelysinger.com

Attorneys for Plaintiff
RICHARD REINSDORF

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD REINSDORF, an individual, <br><br> Plaintiff, <br><br> v. <br><br> SKECHERS U.S.A., INC., a Delaware corporation; SKECHERS U.S.A., INC. II, a Delaware corporation; and DOES 1–10, inclusive, <br><br> Defendants. | CASE NO. CV10-7181-DDP (SSx) <br><br> **DECLARATION OF WILLIAM J. BRIGGS IN SUPPORT OF PLAINTIFF RICHARD REINSDORF'S OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT** <br><br> Date:      July 23, 2012 <br> Time:     10:00 a.m. <br> Courtroom: 3 <br><br> [Hon. Dean D. Pregerson, Room 3] <br><br> Discovery Cut-Off: May 15, 2012 <br> Pretrial Conference: August 27, 2012 <br> Trial Date: September 11, 2012 |

I, William J. Briggs II, declare:

1.  I am an attorney at law duly licensed to practice before all the courts of this state and am a member of the law firm Lavely & Singer Professional Corporation, attorneys for plaintiff Richard Reinsdorf ("Reinsdorf").  I have personal and first hand knowledge of the matters set forth in this declaration and, if called and sworn as a witness, I could and would testify competently thereto under oath.

2.  I have been the partner in charge of handling this matter since the inception of this case.  I have overseen and supervised all of the discovery that has taken place in this litigation.  I have managed and supervised the production of document, the review and analysis of documents, the retention of expert witnesses, and the taking and defending of depositions.  All of the depositions in this matter to which I have attached to this declaration were transcribed and certified by a professional certified stenographer.

## EXPERT REPORTS

3.  Attached as **Exhibit 13** is a true and correct copy of Bruce Kramer's Expert Report, dated April 13, 2012.  Mr. Kramer has been hired as Plaintiff's expert witness and he has 30 years experience working in celebrity, fashion, commercial and fine art photography.

4..  Attached as **Exhibit 14** is a true and correct copy of David B. Connelly's Expert Report, dated April 13, 2012.  Mr. Connelly has been hired as Plaintiff's expert witness and he has over 25 years of collective financial investigation, audit and legal experience, including focus during the past 17 years on forensic investigations, damages analysis and other financial litigation matters.  Attached to my declaration as Exhibit "48" submitted under seal is a true and correct copy of Mr. Connelly's Supplemental Expert Report, dated June 14, 2012.

5.     Attached as **Exhibit 15** is a true and correct copy of Frank Luntz's Expert Report, dated April 2012.  Mr. Luntz has been hired as Plaintiff's expert witness and has 25 years experience in the language and image consulting industry, with particular expertise in quantitative and qualitative market and language research.

6.     Attached as **Exhibit 16** is a true and correct copy of Jack Reznicki's Rebuttal Expert Report, dated May 7, 2012.  Mr. Reznicki has been hired as Plaintiff's expert witness and has over 30 years experience as a commercial photographer, including serving as President and Chairman of the world's largest photography trade association.

## **DECLARATIONS**

7.     Attached as **Exhibit 17** is a true and correct copy of the Declaration of Pennie Humphrey in Support of Plaintiff's Opposition to Defendants' Motion to Dismiss.  Ms. Humphrey is a creative consultant and art director and assisted Plaintiff during photoshoots for Skechers on November 15, 2006 and September 19, 2007.  The declaration is dated November 12, 2010 and was filed on November 22, 2010 at Docket Number 22-4 in the above-captioned litigation.

8.     Attached as **Exhibit 18** is a true and correct copy of the Declaration of Charles Davis, a professional fashion model who participated in the Skechers photoshoots on October 2, 2008 and May 28, 2009 that are subjects of the above-captioned litigation.  The declaration is dated May 22, 2012.

9.     Attached as **Exhibit 19** is a true and correct copy of the Declaration of Giza Lagarce, a professional fashion model who participated in the Skechers photoshoot on May 28, 2009 that is a subject of the above-captioned litigation.  The declaration is dated May 22, 2012.

10.    Attached as **Exhibit 20** is a true and correct copy of the Declaration of Tracey Long, a professional fashion model that participated in the Skechers

photoshoot on May 28, 2009 that is a subject of the above-captioned litigation.  The declaration is dated May 22, 2012.

11. Attached as **Exhibit 21** is a true and correct copy of the Declaration of Haris Sarantis, a digital technician who assisted Plaintiff during the Skechers photoshoot on May 28, 2009 that is a subject of the above-captioned litigation.  The declaration is dated May 24, 2012.

12. Attached as **Exhibit 22** is a true and correct copy of the Declaration of Dwayne Autery and "Exhibit A" referenced in the declaration.  Mr. Autery assisted Plaintiff during several of the Skechers photoshoots that are subjects of the above-captioned litigation.  The declaration is dated May 23, 2012.  "Exhibit A" is a true and correct copy of an Agreement between Mr. Autery and Plaintiff bearing the Bates number RR004205 and was produced by Plaintiff in response to Defendants' discovery requests in the above-captioned litigation.

13. Attached as **Exhibit 23** is a true and correct copy of the Declaration of Welly Lo, a digital technician who assisted Plaintiff during at least three of Skechers photoshoots that are subjects of the above-captioned litigation, including the photoshoot on October 2, 2008.  The declaration is dated May 2012.

14. Attached as **Exhibit 24** is a true and correct copy of the Declaration of Byron Nickleberry, a photo assistant who assisted Plaintiff during at least three of the Skechers photo-shoots that are subjects of the above-captioned litigation.  The declaration is dated May 22, 2012.

15. Attached as **Exhibit 25** is a true and correct copy of the Declaration of Robert Dahey, a professional photographer and photo assistant who assisted Plaintiff during a Skechers photoshoot that is a subject of the above-captioned litigation.  The declaration is dated May 22, 2012.

16. Attached as **Exhibit 26** is a true and correct copy of the Declaration of Jules Bates, a photo assistant who assisted Plaintiff during the Skechers photoshoots

1 on March 14, 2009 and May 28, 2009 that are subjects of the above-captioned litigation. The declaration is dated May 22, 2012.

17. Attached as **Exhibit 27** is a true and correct copy of the Declaration of Marisa Chien, a professional fashion model that participated in a Skechers photoshoot that is a subject of the above-captioned litigation. The declaration is dated May 31, 2012.

18. Attached as **Exhibit 28** is a true and correct copy of the Declaration of Dominique Coleman, a professional fashion model that participated in a Skechers photoshoot during 2008 that is a subject of the above-captioned litigation. The declaration is dated June 1, 2012.

## DEPOSITION TRANSCRIPTS

19. On February 28, 2012 and April 28, 2012, Defendants deposed Plaintiff Richard Reinsdorf. Attached as **Exhibit 29** is a true and correct copy of excerpts of the transcript of Plaintiff's deposition, which have been certified by Ricki Q. Melton, the person who reported the testimony.

20. On May 10, 2012, Defendants deposed Robert Heller, owner of Opus Reps and Plaintiff's representative. Attached as **Exhibit 30** is a true and correct copy of excerpts of the transcript of Mr. Heller's deposition, which have been certified by Wendy S. Schreiber, the person who reported the testimony.

21. On April 17, 2012 and April 25, 2012, Plaintiff deposed Fred Machuca, formerly of Skechers. Attached as **Exhibit 31** is a true and correct copy of excerpts of the transcript of Mr. Machuca's deposition, which have been certified by Pamela J. Felten, the person who reported the testimony.

22. On May 12, 2012, Defendants deposed Frank Luntz, Plaintiff's expert witness. Attached as **Exhibit 32** is a true and correct copy of excerpts of the transcript of Mr. Luntz's deposition, which have been certified by Lori M. Barkley, the person who reported the testimony.

1  23. On May 11, 2012, Defendants deposed James A. Turner, Plaintiff's expert witness. Attached as **Exhibit 33** is a true and correct copy of excerpts of the transcript of Mr. Turner's deposition, which have been certified by Suzanne Beasley, the person who reported the testimony.

24. On April 6, 2012, Plaintiff deposed Karey Teng, Skechers' Graphic Studio Manager. Attached as **Exhibit 34** is a true and correct copy of excerpts of the transcript of Ms. Teng's deposition, which have been certified by Pamela A. Stit, the person who reported the testimony.

25. On May 12, 2012, Plaintiff deposed Jason Greenberg, Skechers' Senior Vice President of Visual Imaging. Attached as **Exhibit 35** is a true and correct copy of excerpts of the transcript of Mr. Greenberg's deposition, which have been certified by Darlene Matura Morgan, the person who reported the testimony.

## DISCOVERY DOCUMENTS

26. During the pendency of this litigation, on behalf of the plaintiff, Richard Reinsdorf, I have sought from Skechers documents, financial data and other information in order to determine the profits earned by Skechers that are attributable to Skechers use of Reinsdorf's photographs in its marketing images and campaigns. (See Exhibit Nos. 36, 38, 40, 42, and 44 attached to this declaration.) Skechers has consistently rebuffed our efforts to obtain such information by either objecting to producing such information or incredibly claiming that it has no such information. For example, Plaintiff's First Set of Document Requests, No. 16, sought all documents Defendants relied on to support its affirmative defense that Plaintiff's monetary relief was too speculative. (Exhibit 36.) Plaintiff's Second Set of Document Requests, No. 158, sought all documents that showed Defendants' revenues and profits during the 2007 to 2010 time frame. (Exhibit 38.) Plaintiff's Fourth Set of Document Requests, No. 171, sought all deductible expenses or profits attributable to factors other than infringement of Reinsdorf's photos. (Exhibit 40.) Plaintiff's Fifth Set of Document Requests, Nos. 179 – 189, sought all documents

1  that reflect the impact of Reinsdorf's images on sales of specific Skechers products
2  between 2007 and 2009, e.g., the Cali Product line, Men's USA Product line,
3  Women's USA product line, Men's Active product line, Women's Active Product
4  line, Men's Sport Product line, Women's Sport Product line, and Shape Ups product
5  line between 2009 and 2010. (Exhibit 42.) All of these product lines were marketed
6  using Reinsdorf's copyrighted photographs during the 2007 to 2010 time frame.

7          27.    In response to Reinsdorf's document requests, Skechers either objected
8  to the document request or it stated that it had "no responsive documents." (See
9  attached Exhibit Nos. 37, 39, 41, and 43.) Aside from the fact that Skechers refused
10 to comply with its statutory obligation to provide the plaintiff with the requested
11 documents, it is simply incredible for a multi-national corporation with revenues in
12 the billions to claim that it has no financial data and specific sales data on specific
13 product lines for specific periods of time. (See, e.g, Connelly Supplemental Expert
14 Report submitted under seal.) Here, Skechers has actively prevented Plaintiff from
15 obtaining direct proof of the sales of these product lines. Although Skechers did
16 finally produce some general ledger-type records for the years 2007 through 2010,
17 it waited to do so until the afternoon of the very last day of discovery, after David
18 Connelly had delivered his expert report and already been deposed. Another
19 example of Skechers bad-faith gamesmanship and tactic to deprive Plaintiff of
20 evidence was its response to Plaintiff's Notice of Deposition for a Corporate
21 Designee to testify about Skechers' revenues and profits attributable to Skechers
22 marketing campaigns between 2006 and 2010 and Skechers deductible expenses and
23 elements of profits attributable to factors other than photographs authored by
24 Reinsdorf. Incredibly, Skechers sought and obtained a protective order from the
25 magistrate because it argued it had no such person who possessed such information
26 and therefore no one could testify on that topic. [Dckt. No. 109, at 9:4-26.]. Again,
27 when it suited its purpose, Skechers always argued that it was a multi-national and
28 multi-billion dollar corporation. For such a large corporation to take the position

that it had no one to discuss the topic of its profits is beyond the stretch of credibility. Simply stated, at every turn Skechers prevented Reinsdorf from obtaining direct evidence of profits attributable to its infringement. Reinsdorf should therefore be permitted to present to the court reasoned conclusions of Skechers' profits attributable to its infringement of his copyrighted photographs from the evidence that Reinsdorf was able to obtain.

28. Attached as **Exhibit 36** is a true and correct copy of Plaintiff's Request for Production of Documents, Set One, served on Defendants on August 8, 2011.

29. Attached as **Exhibit 37** is a true and correct copy of Defendants' Responses to Plaintiff's Request for Production of Documents, Set One, served on Plaintiff on September 12, 2011.

30. Attached as **Exhibit 38** is a true and correct copy of Plaintiff's Request for Production of Documents, Set Two, served on Defendants on September 8, 2011.

31. Attached as **Exhibit 39** is a true and correct copy of Defendants' Responses to Plaintiff's Request for Production of Documents, Set Two, served on Plaintiff on October 11, 2011.

32. Attached as **Exhibit 40** is a true and correct copy of Plaintiff's Request for Production of Documents, Set Four, served on Defendants on March 27, 2012.

33. Attached as **Exhibit 41** is a true and correct copy of Defendants' Responses to Plaintiff's Request for Production of Documents, Set Four, served on Plaintiff on April 30, 2012.

34. Attached as **Exhibit 42** is a true and correct copy of Plaintiff's Request for Production of Documents, Set Five, served on Defendants on April 4, 2012.

35. Attached as **Exhibit 43** is a true and correct copy of Defendants' Responses to Plaintiff's Request for Production of Documents, Set Five, served on Plaintiff on May 4, 2012.

36. Attached as **Exhibit 44** is a true and correct copy of Plaintiff's Notice of Deposition of Skechers, U.S.A., Inc. in the above-captioned matter served on Defendants on March 7, 2012.

## DOCUMENTS

37. Attached as **Exhibit 45** is a true and correct copy of the Complaint filed August 12, 2011 in the matter *Charles Davis, et al. v. Skechers U.S.A., Inc., et al.*, Case No. SC113783 in the Superior Court of California for the County of Los Angeles.

38. Attached as **Exhibit 46** is a true and correct copy of a "Cease and Desist Demand Letter" dated November 8, 2011 sent by Robert C. Welsh of O'Melveny & Myers LLP, counsel for Defendants, to Plaintiff, Richard Reinsdorf.

39. Attached as **Exhibit 47** is a true and correct copy of Skechers 2008 Annual Report. Attached as **Exhibit 48** is a true and correct copy of Skechers 2009 Annual Report.

40. Attached as **Exhibit 49** is a true and correct copy of a photograph I took of one of Skechers' shoe-boxes which bears the iconic image of the Girl with the Disco Ball, and which photograph was marked as Exhibit 189 during the deposition of Fred Machuca, who authenticated the exhibit (Machuca Depo., 438:4-23).

41. Attached as **Exhibit 50** is a true and correct copy of a photograph I took of one of Skechers' shoe-boxes which bears the image of another model who replaced the iconic image of the Girl with the Disco Ball, and which photograph was marked as Exhibit 190 during the deposition of Fred Machuca, who authenticated the exhibit (Machuca Depo., 438:24 - 440:24.) Exhibit 50

demonstrates that Reinsdorf's photographs were not inseparable from the graphics that Skechers applied after the photo shoots.

## ADDITIONAL DECLARATIONS AND DEPOSITION TESTIMONY

42. Attached as **Exhibit 51** is a true and correct copy of the Declaration of Chanel Celaya, a professional fashion model that participated in a Skechers photo shoot on September 19, 2007 that is a subject of the above-captioned litigation. The declaration is dated June 15, 2012.

43. On May 23, 2012, Defendants deposed Jack Reznicki, Plaintiff's expert witness. Attached as **Exhibit 52** is a true and correct copy of excerpts of the transcript of Mr. Reznicki's deposition, which have been certified by Wayne Hock, the person who reported the testimony.

44. Attached as **Exhibit 53** is a true and correct copy of the Declaration of Danny Luna, Richard Reinsdorf's studio manager, who attended most of the photo shoots and the 2009 pre-concept meeting at Skechers.

I declare under penalty of perjury under the laws of the United States and California that the foregoing is true and correct and that this declaration is executed this ___ day of June, 2012, at Los Angeles, California.

Dated: June 18, 2012                    /S/ William J. Briggs, II

                                        _____
                                        William J. Briggs, II