# Exhibit 28

1  WILLIAM J. BRIGGS II (BAR NO. 144717)
   HENRY L. SELF III (BAR NO. 223153)
2  LAVELY & SINGER
   PROFESSIONAL CORPORATION
3  2049 Century Park East, Suite 2400
   Los Angeles, California 90067-2906
4  Telephone: (310) 556-3501
   Facsimile: (310) 556-3615
5  Email: wbriggs@lavelysinger.com
          hself@lavelysinger.com
6
   Attorneys for Plaintiff
7  RICHARD REINSDORF

8

9                  UNITED STATES DISTRICT COURT
10                 CENTRAL DISTRICT OF CALIFORNIA
11

12
   RICHARD REINSDORF, an           )  CASE NO. CV10-7181-DDP (SSx)
13 individual,                     )
                                   )  **DECLARATION OF DOMINIQUE**
14         Plaintiff,              )  **COLEMAN**
                                   )
15    v.                           )
                                   )
16 SKECHERS U.S.A., INC., a        )
   Delaware corporation; SKECHERS  )
17 U.S.A., INC. II, a Delaware     )
   corporation; and DOES 1–10,     )
18 inclusive,                      )
                                   )
19         Defendants.             )
                                   )
20 _____  )

21
22
23
24
25
26
27
28

K:\4814-2\PLE\COLEMAN DECLARATION.wpd          1

EXHIBIT 28
284

## DECLARATION OF DOMINIQUE COLEMAN

I, Dominique Coleman, declare as follows:

1. I have personal and firsthand knowledge of the matters set forth in this Declaration and, if called and sworn as a witness, I could and would testify competently thereto under oath.

2. I am a professional fashion model. In 2008 I worked as a model at a shoot for Skechers shoes. Richard Reinsdorf ("Mr. Reinsdorf") was the photographer at the shoot. There were a large number of models at the shoot.

3. When I arrived at the shoot the makeup artist and stylist showed me the look that Mr. Reinsdorf wanted me to try to capture. After I was clothed for the shoot and my specific makeup had been applied, I proceeded to the set of the shoot.

4. I recall that there were at least four (4) different sets on which Mr. Reinsdorf wanted to take pictures. One of the sets had large steel barrels arranged in a way that allowed me to lean against them and sit on them. Another set had a chain-link fence on which I could climb and from which I could hang. I worked for approximately five (5) hours as the model Mr. Reinsdorf was shooting on the sets.

5. Mr. Reinsdorf was very active on the sets. He moved constantly, often laying on the floor or standing on a ladder. When I was using the chain link fence as a prop, Mr. Reinsdorf took many shots laying below me, so that the shoe would be in the foreground of the shot.

6. Mr. Reinsdorf was the only person who gave me any instruction either before the shoot or during the shoot. He was in full control of the sets. He was very vocal, and while I was there he provided all the direction to the models and assistants on the sets. I also did not see anyone give Mr. Reinsdorf any directions during the shoot. Instead, Mr. Reinsdorf was left alone while he took shots of the models, including me.

7. At both shoots, Mr. Reinsdorf and his assistants made adjustments to the lighting, sets, and props. I did not observe and representative of employee of

1 | Skechers provide any guidance or direction with regard to the lighting, sets, or
2 | props.
3 |     8.    In order to work on the shoots my agent negotiated an agreement with
4 | Skechers, pursuant to which Skechers agreed to use my image for a six (6) month
5 | usage period and only in the United States. I have since learned that pictures of me
6 | that Mr. Reinsdorf took have been used in catalogs, on billboards, in stores and in
7 | subway tunnels outside of the United States and long after the six (6) month usage
8 | period had expired.

    I declare under penalty of perjury that the foregoing is true and correct. Executed this __1__ day of June, 2012, at Los Angeles, California.

*[signature]*
DOMINIQUE COLEMAN